CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 15 2018

JULIA C. DUDLEY, CLERK
BY: /s/ 
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal Action No. 5:12cr00030 |
| v. | ) |
| | ) |
| JEAN PAUL ALVARADO | ) By: Michael F. Urbanski |
| | ) Chief United States District Judge |

## MEMORANDUM OPINION

Jean Paul Alvarado, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed a response, asking that the petition be denied, to which Alvarado has replied. After reviewing the record, the court concludes that Alvarado's § 2255 motion must be **DENIED**.

Alvarado was named in a one-count indictment charging him with knowingly and intentionally distributing a mixture and substance containing a detectable amount of heroin, and further charging that serious bodily injury and death resulted from the use of such substance, all in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). These charges stem from the March 29, 2011 death of Eric Thomas from a drug overdose.

On May 16, 2013, after a four day trial, the jury returned a guilty verdict against Alvarado on the charge of knowingly and intentionally distributing a mixture or substance containing a detectable amount of heroin on or about March 29, 2011. The jury further found that the government proved beyond a reasonable doubt that death resulted from the use of heroin distributed by Alvarado on or about March 29, 2011. During the course of its deliberations, the jury twice asked the court to further explain what "results from" means, which the court, without objection of counsel, declined to do, following the Seventh

Circuit's opinion in United States v. Hatfield, 591 F.3d 945 (7th Cir. 2010). At the time the jury sought clarification, Burrage v. United States, 571 U.S. 204 (2014), which ultimately provided that clarification, was still eight months off.

Alvarado's § 2255 petition focuses first on this issue, claiming that his trial counsel was ineffective for failing to object to the court's decision not to further explain "results from" in response to the jury's questions. Alvarado's second claim also relates to causation, arguing that he was legally, factually, and actually innocent of the charge of distributing heroin that was the independent or but-for cause of Thomas' death. Alvarado argues that it was a combination of Xanax and heroin that killed Thomas, and that, at most, heroin was a contributing cause. Following Burrage, Alvarado argues that the contributory role played by the heroin was legally insufficient to establish but-for causation required for the enhanced statutory penalty. Lastly, Alvarado argues that his trial counsel was ineffective for failing to argue that prosecution was racially motivated, denying him due process and equal protection of the laws.

### A.

With respect to Alvarado's first claim, because the Fourth Circuit held that the district court's decision not to clarify or reinstruct the jury on the meaning of the term "results from" was not erroneous, it cannot be said that counsel's failure to object to that ruling constituted deficient performance under Strickland v. Washington, 466 U.S. 668 (1984). See Pruett v. Thompson, 996 F.2d 1560, 1577 (4th Cir. 1993) ("We are of opinion that it is not ineffective assistance of counsel to fail to offer additional or different instructions if the ones given by the trial court are proper. This question [of ineffective

2

assistance of counsel] is easily resolved here because the instruction given was proper.");
Briley v. Bass, 750 F.2d 1238, 1242-44 (4th Cir. 1984) (dismissing petitioner's claim that his counsel was ineffective for failing to object to a jury instruction that the court already found to be proper); Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996). For counsel's performance to qualify as constitutionally deficient, Alvarado must show "that counsel made errors so serious that [he or she] was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

The court chose to limit its instruction to the language of the statute, concerned that any attempt at further "clarification" of "results from" would exacerbate the jury's confusion. United States v. Alvarado, 816 F.3d 242, 248 (4th Cir. 2016), cert. denied, 137 S. Ct. 492 (2016). The record indicates that Alvarado's counsel shared what the Fourth Circuit described as the district court's "legitimate concern," and therefore she decided not to object to the jury's application of the ordinary meaning of "results from." Id. at 244, 248. Her decision not to object to the instruction, made after conferring with both the court and government, is precisely the sort judgment call informed by strategic considerations, i.e., potential confusion of the jury, that courts must accord high deference. See United States v. Mason, 774 F.3d 824, 830 (4th Cir. 2014).

The Supreme Court's holding in <u>Burrage v. United States</u>, on which Alvarado relies for his ineffectiveness claim, further supports the court's finding that it was reasonable for counsel not to object given the aforementioned risk of confusion. 571 U.S. 204 (2014). In <u>Burrage</u>, the Supreme Court held that the "ordinary, accepted meaning" of "results from" clearly imposes a "but-for" causation requirement. <u>Id.</u> at 210-11. Though decided after the case <u>sub judice</u>, <u>Burrage</u> suggests that it was reasonable for counsel to conclude that the statutory language alone implied the appropriate but-for causation requirement, and that further explanation was unwarranted. In sum, it was reasonable for counsel not to object to the court's instruction, which comported with controlling law, where she believed the risk of obfuscating the ordinary meaning of "results from" outweighed the notional benefits of an additional instruction. This is all the more true given that past efforts to clarify the same or similar language were either unsuccessful or deemed ill-advised. <u>See e.g.</u>, <u>United States v. Hatfield</u>, 591 F.3d 945 (7th Cir. 2010) (holding that the trial court improperly refused to strike portion of jury instruction as a confusing gloss on the statutory term "results from"); <u>United States v. Walton</u>, 207 F.3d 694, 698 (4th Cir. 2000) (en banc) ("[W]e remain convinced that attempting to explain the words 'beyond a reasonable doubt' is more dangerous than leaving a jury to wrestle with only the words themselves."). The case law in existence at the time of trial and potential for further confusion militated against the court's providing an additional instruction, and by extension, supported counsel's decision not to raise an objection to the same. Thus, Alvarado cannot show that his counsel's decision not to object to the court's instructions amounted to "incompetence under 'prevailing professional norms.'" <u>Premo v. Moore</u>, 562 U.S. 115, 122 (2011).

4

Nor can Alvarado satisfy Strickland's prejudice prong, which requires a showing that had counsel not made the alleged error, there is a substantial, not just conceivable, likelihood of a different result. Harrington v. Richter, 562 U.S. 86, 112 (2011) (citing Strickland, 466 U.S. at 693-94)). In light of the evidence adduced at trial, Alvarado can make no such showing. The Fourth Circuit found not only that "[t]here was no evidence in this case that would allow a jury to find that heroin was only a nonessential contributing cause of Thomas' death," but also that "[t]he only evidence presented was that, but for the heroin, death would not have resulted." Alvarado, 816 F.3d at 248-49. In other words, "in the context of the record in this case, Burrage does not help Alvarado." Id. at 249. Indeed, as the Fourth Circuit noted, Dr. Suzuki, the only witness to testify on causation, stated in no uncertain terms, "it's the heroin in [Thomas'] blood . . . that caused his death," and "without the heroin, [Thomas] doesn't die." Id. Therefore, rather than there being a substantial likelihood that the result would have been different had the jury received an explicit but-for instruction, the evidence strongly suggests that, to the contrary, there is a substantial likelihood that the result would have been the same. See e.g., Waye v. Townley, 871 F.2d 18, 21 (4th Cir. 1989) ("In light of the overwhelming evidence introduced at trial . . . .[defendant] cannot show that "there is a reasonable probability that, but for counsel's unprofessional [error], the result of the proceeding would have been different." (citation omitted)).

In short, because the Fourth Circuit has held that district court's decision not to reinstruct the jury on the meaning of "results from" was not error, Alvarado cannot establish that counsel's failure to object or insist upon an additional instruction constitutes ineffective assistance. Nor can he establish Strickland's prejudice prong, as the Fourth Circuit held that

5

the record was unambiguous that the heroin distributed by Alvarado was the but-for cause of Thomas' death. Id. at 249. Objection or not, the Fourth Circuit held on direct review that the district court's decision not to reinstruct the jury was correct. Under these circumstances, the claimed failure to object to a legal ruling approved by the court of appeals on direct review cannot support an ineffective assistance of counsel collateral challenge.

B.

Alvarado's second claim regarding actual innocence is foreclosed by the Fourth Circuit's opinion on direct appeal. Specifically, the Fourth Circuit ruled as follows:

> We affirm. First, we conclude that, because there was no evidence in the record that Thomas could have died without the heroin, the jury's verdict was necessarily consistent with the Supreme Court's requirement of but-for causation. As a result, the district court's decision not to elaborate on the meaning of the statutory results-in-death language did not amount to an abuse of discretion, let alone plain error, in light of the court's legitimate concerns about confusing the jury.

Alvarado, 816 F.3d at 244. The Fourth Circuit, after an exhaustive review, found that the only evidence in the record as to causation, the uncontradicted testimony of Virginia's Assistant Chief Medical Examiner, Dr. Gayle Suzuki, who performed the autopsy on Thomas, pinpointed the heroin as the cause of Thomas' death, without contribution from the Xanax and Benadryl also found in his system. Second, the Fourth Circuit found no error in the district court's declination to further explain the term "results from" found in 21 U.S.C. § 841(b)(1)(C). The Fourth Circuit stated:

> In light of Burrage and in the context of this case, we do not find that the district court abused its discretion, let alone committed plain error, in refusing to attempt a clarification of "results from." There was no evidence in this case that would allow a jury to find that heroin was only a nonessential contributing cause of Thomas' death. Cf. Burrage, 134 S. Ct. at 890 ("We do not accept or reject the special rule developed for [cases where multiple

6

sufficient causes independently, but concurrently, produce a result], since there was no evidence here that [the victim's] heroin use was an independently sufficient cause of his death"). As Dr. Suzuki, the only person who testified on causation, stated, "it's the heroin in [Thomas'] blood . . . that caused his death," and "without the heroin, [Thomas] doesn't die." Indeed, she explained further that neither the Xanax nor the Benadryl "contributed to" Thomas' death. Moreover, no party suggested that, even without the heroin, Thomas would have died. The only evidence presented was that, but for the heroin, death would not have resulted. As such, any hypothesis that the jury was allowed to convict Alvarado because the heroin played merely a nonessential contributing role in Thomas' death has no support in the record. In this context, the district court's decision not to further define "death results from" cannot be found to be an abuse of discretion, let alone plain error.

Id. at 248-49.

In sum, the Fourth Circuit concluded that the evidence supported the jury's finding of but-for causation under Burrage. As this issue was determined on direct appeal, Alvarado has no basis for a habeas claim. It is well settled that defendant cannot "circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion." United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013) (quoting United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009); see also United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004) (noting that, absent "any change in the law," defendants "cannot relitigate" previously decided issues in a § 2255 motion); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (holding criminal defendant cannot "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]").

## C.

Alvarado's final claim, that his counsel was ineffective by failing to argue that he was sentenced in a manner inconsistent with Burrage because of his race is likewise unavailing. On direct appeal, the Fourth Circuit held that the evidence supported the jury's verdict

7

under Burrage, and Alvarado has brought forward no evidence to support his conclusory claim that he was charged with a violation of 21 U.S.C. § 841(b)(1)( C) for drug distribution resulting in death or serious bodily injury because of his race. As such, Alvarado's third claim also must be dismissed.

In sum, Alvarado's habeas petition is founded on his view that the evidence presented at trial was insufficient to establish causation under Burrage and that the district court erred when it failed to provide additional instruction to the jury on the meaning of the statutory "results from" language. Each of these arguments was exhaustively considered by the district court in its memorandum opinion denying Alvarado's motion to reconsider his Rule 29 motion in light of Burrage, ECF No. 113, and by the Fourth Circuit on direct appeal. Given the Fourth Circuit' ruling on direct appeal, Alvarado's repetitive habeas petition must be dismissed.

An appropriate Order will be entered.

Entered: November 15, 2018

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge